IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE:    **CHRIS P. SULLIVAN**<br>            **RACHEL HEMPHILL SULLIVAN** | **CHAPTER 7 BANKRUPTCY**<br>**CASE NO. 05-10853** |
| **SELENE D. MADDOX, TRUSTEE FOR**<br>**THE ESTATE OF CHRIS P. SULLIVAN AND**<br>**RACHEL HEMPHILL SULLIVAN** | **PLAINTIFF** |
| **V** | **ADVERSARY NO. _____** |
| **CHRIS P. SULLIVAN AND**<br>**RACHEL HEMPHILL SULLIVAN AND**<br>**JOHN DOES** | **DEFENDANTS** |

## COMPLAINT

Comes now, Selene D. Maddox, Trustee for the Estate of Chris P. Sullivan and Rachel Hemphill Sullivan, and files her Complaint against Defendants and in support hereof, states unto the Court as follows, to-wit:

1. Plaintiff, Selene D. Maddox, is the duly qualified and acting Trustee for the Estate of Chris P. Sullivan and Rachel Hemphill Sullivan.

2. The Defendant, Chris P. Sullivan, is an adult resident citizen of Winston County, Mississippi, and may be served with a copy of this Complaint by mailing a copy to him at 331 North Church Avenue, Louisville, MS 39339.

3. Defendant, Rachel Hemphill Sullivan, is an adult resident citizen of Winston County, Mississippi, and may be served with a copy of this Complaint by mailing a copy to her at 331 North Church Avenue, Louisville, MS 39339.

4. Plaintiff reserves the right to amend this Complaint to substitute parties in the place of John Does should it be necessary to add necessary Defendants to this action which come to light in the process of development of this adversary proceeding.

5. This is a core proceeding and jurisdiction of this Court is based upon Rule 7001 of the Federal Rules of Civil Procedure, and 28 U.S.C. Sections 1334 and 157. This proceeding is brought pursuant to 11 U.S.C. Section 727(a)(2)(b).

6. This proceeding arises in and is related to the bankruptcy case of In Re Chris P. Sullivan and Rachel Hemphill Sullivan, bearing case number 05-10853.

7. Pursuant to 11 U.S.C., Section 727(a)(2)(B), the Debtor, Rachel Hemphill Sullivan, with the intent to hinder, delay and defraud a creditor or officer of the estate with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated or concealed property of the estate, after the filing of the petition.

8. On February 10, 2005, Debtors filed their Chapter 13 Bankruptcy Petition. On February 21, 2006, Debtors converted their Chapter 13 case to a Chapter 7 Case. The case was closed, and on April 12, 2007, Debtors Chapter 7 case was reopened. After the filing of Debtor's bankruptcy petition, Debtors received $68,478.36, from the settlement of a diet drug class action against the manufacturer and distributors of the drug known as "Zyprexa". When Debtors' petition and schedules were filed, the Debtors failed to list this cause of action/claim in their schedules or statement of financial affairs. On April 2, 2007, a creditor of the Debtor advised the Trustee of the settlement. The Trustee contacted Debtors' attorney, Paula Drungole, about the settlement, but Attorney Drungole knew nothing of the class action settlement, as she had not been advised of the claim or settlement by Debtors. Attorney Drungole unsuccessfully attempted to contact Debtors by telephone. Attorney Drungole immediately notified Debtors by certified letter to cease spending the funds as the funds were property of their bankruptcy estate.

9. On April 12, 2007, the Trustee received $8,000.00 from the Debtors. The Debtors had

already spent the remaining $60,478.36, on purchasing a home, appliances, vehicle(s), and payment of loans to creditors and relatives.

10. The Trustee seeks an Order compelling the turnover the $60,478.36, and in the alternative, grant the Trustee a judgment against the Defendants under 11 U.S.C. Sections 541, 542 and 543, and applicable state law.

11. The Trustee respectfully requests that the Defendants pay all attorney fees and costs incurred by her in the filing of this Complaint.

WHEREFORE, the undersigned Trustee/Plaintiff requests:

a. That this Court enter its Order directing the turnover of property of the estate in the amount of $60,478.36, plus interest earned thereon;

b. That this Court enter Judgment against the Defendants in favor of the Trustee/Plaintiff in the amount of $60,478.36, plus attorney fees and costs or in such amounts as the Court may deem appropriate, including all Plaintiff/Trustee attorney fees and costs;

c. That the Defendants' discharge be revoked;

d. That the Court grant Plaintiff/Trustee such other and further relief as is just and appropriate under the circumstances.

Respectfully submitted, on this the ___ day of August, 2007.

                                                _____
SELENE D. MADDOX, Trustee
Attorney for Trustee
MSB #1815

515-B Highway 45 Alternate North
West Point, Mississippi 39773
(662) 494-0494