IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE: CHRIS P. SULLIVAN<br>RACHEL HEMPHILL SULLIVAN | CHAPTER 7 BANKRUPTCY<br>CASE NO. 05-10853 |
| SELENE D. MADDOX, TRUSTEE FOR<br>THE ESTATE OF CHRIS P. SULLIVAN AND<br>RACHEL HEMPHILL SULLIVAN | PLAINTIFF |
| VERSUS | ADVERSARY NO. 07-01109-DWH |
| PARKER WAICHMAN ALONSO, LLP | DEFENDANT |

## SECOND AMENDED COMPLAINT

COMES NOW, Selene D. Maddox, Trustee for the Estate of Chris P. Sullivan and Rachel Hemphill Sullivan, and files her Second Amended Complaint against Parker Waichman Alonso, LLP ("Defendant") as follows:

1. Plaintiff, Selene D. Maddox, is the duly qualified and acting Trustee for the Estate of Chris P. Sullivan and Rachel Hemphill Sullivan.

2. The Defendant, Parker Waichman Alonso, LLP, formerly Parker Waichman, LLP, is a foreign limited liability partnership organized under the laws of the State of New York and may be served with a copy of this Complaint by mailing a copy to Jason Mark, Esq., 6 Harbor Park Drive, Port Washington, NY 11050-4647.

3. Plaintiff reserves the right to amend this Complaint to add necessary Defendants to this action which come to light in the process of development of this adversary proceeding.

4. This is a core proceeding and jurisdiction of this Court is based upon Rule 7001 of the Federal Rules of Civil Procedure, and 28 U.S.C. §§ 1334 and 157. This proceeding is brought pursuant to 11 U.S.C. § 727(a)(2)(b).

5. This proceeding arises in and is related to the bankruptcy case of In Re Chris P. Sullivan and Rachel Hemphill Sullivan, bearing case number 05-10853.

6. On February 10, 2005, Debtors filed their Chapter 13 Bankruptcy Petition. On February 21, 2006, Debtors converted their Chapter 13 case to a Chapter 7 case. The case was closed, and on April 12, 2007, Debtors Chapter 7 case was reopened. After the filing of Debtors' bankruptcy petition, Defendant disbursed to Debtors the sum of $68,478.36, from the settlement of a diet drug class action against the manufacturer and distributors of the drug known as "Zyprexa". When Debtor's petition and schedules were filed, the Debtors failed to list this cause of action/claim in their schedules or statement of financial affairs.

7. The Debtors acknowledge that all of the settlement proceeds were properly an asset of the estate and that the estate is entitled to a judgment for the net settlement proceeds received and spent by the Debtors.

8. Rachel Hemphill Sullivan advised the Defendant that she had a bankruptcy case pending in the Northern District of Mississippi, so that Defendant was fully aware of the pending bankruptcy. When Rachel Hemphill Sullivan received the settlement funds, because she had given prior notice to the Defendant, she relied upon the Defendant to have taken the proper steps to identify the claim to the bankruptcy court, and believed that the proceeds that she received were net of any obligation to the bankruptcy estate.

9. The Trustee seeks a judgment against Defendant for its actions in improperly releasing funds belonging to the bankruptcy estate directly to the Debtors and not to the Trustee.

Trustee seeks a judgment against the Defendant under 11 U.S.C. §§ 541, 542 and 543, and applicable state law.

10. The Trustee respectfully requests that the Defendant pay all attorney fees and costs incurred by her in filing this Complaint.

WHEREFORE, the undersigned Trustee/Plaintiff requests:

a. That this Court enter Judgment against the Defendant in favor of the Trustee/Plaintiff in the amount of $60,478.36, plus interest earned thereon, together with attorneys fees and costs;

b. That the Court grant Trustee/Plaintiff such other and further relief as is just and appropriate under the circumstances.

Respectfully submitted, this the 31st day of May, 2013.

SELENE D. MADDOX, TRUSTEE

BY:  /s/ John W. Crowell
John W. Crowell, Attorney for Trustee

OF COUNSEL:

CROWELL GILLIS & COOPER, PLLC
710 MAIN STREET, 3RD FLOOR
POST OFFICE BOX 1827
COLUMBUS, MS  39703-1827
662-243-7443
jcrowell@cgclawpllc.com

AC\29,528-001
2nd Amended Complaint